**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11180
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

UWA NOSAKHARE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cr-80084-DMM-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Uwa Nosakhare engaged in a criminal scheme to sell vacant parcels of land in Florida without the owners' knowledge. He would identify properties for sale online and then use the owners'

personal identifying information to create fake IDs and forge documents of sale. Mr. Nosakhare and his coconspirators targeted four properties as part of this scheme. As a result, the owners of these properties were saddled with thousands of dollars in legal fees in attempting to quiet title after the fraudulent sale of their properties as well as thousands of dollars of additional taxes that they were then required to pay. For his part, Mr. Nosakhare was convicted and sentenced to 72 months' imprisonment. He now appeals that sentence as substantively unreasonable.

## I

On July 9, 2024, a grand jury returned an indictment charging Mr. Nosakhare with three counts of mail fraud and three counts of aggravated identity theft. On January 9, 2025, Mr. Nosakhare pled guilty to one count of mail fraud and one count of aggravated identity theft for his role in the scheme.

A probation officer prepared a presentence investigation report ("PSI") before Mr. Nosakhare's sentencing. The PSI indicated that he was accountable for a loss of $3,831,348 with an accompanying 18-level increase, that the offense involved 10 or more victims with an accompanying two-level increase, and that the offense involved "sophisticated means" with an accompanying two-level increase. The PSI also stated that a two-level "zero-point offender" reduction and a three-level reduction for acceptance of responsibility should apply. As a result, Mr. Nosakhare's total offense level was 24. The PSI further indicated that he had a criminal history category of I and that his advisory guidelines range was 51-63

months with a mandatory 24-month consecutive sentence for the aggravated identity theft count.

At sentencing, Mr. Nosakhare's counsel cited data from the Judiciary Sentencing Information ("JSIN") platform that the average length of imprisonment for offenses like his was 33 months and that the median was 36 months, and that Mr. Nosakhare should be sentenced in kind. The district court questioned whether that average and median only factored in the loss amount or what, if any, other factors or facts were part of that calculation. Mr. Nosakhare's counsel responded:

> I am not sure how that factors in, but . . . when you look at the guidelines and how they are structured with overlapping enhancements . . . the aggravated identity theft was really part and parcel of what made this a sophisticated fraud . . . . I think the Court can consider that because there has been a lot of criticisms over the years about the overlapping enhancements.

D.E. 71 at 27–28. Mr. Nosakhare's counsel also argued that his client's two-level decrease as a zero-point offender did not take into account that he had no prior convictions or arrests, that he had never been incarcerated before, and that a downward variance would still fulfill the goal of preventing recidivism. *See* Appellant's Br. at 18. Mr. Nosakhare's counsel also objected to the loss calculation as overstated.

The district court disagreed with the PSI and concluded that the intended loss of the scheme was $2,181,348.71 and that the actual loss was $143,060. The court therefore calculated Mr. Nosakhare's offense level to be 22 and determined that he had a criminal history category of I. Accordingly, Mr. Nosakhare's guidelines range was 41 to 51 months with a mandatory 24-month consecutive sentence related to the aggravated identity theft count. Before imposing its sentence, the court noted that the conduct here was "more substantial than the typical identity theft case in terms of the ramifications on the victims" and that the "horrifying" effects "led to a significant impact on a number of victims." D.E. 71 at 36.

After hearing from counsel, Mr. Nosakhare, and consulting the 18 U.S.C. § 3553(a) factors and the PSI, the district court sentenced Mr. Nosakhare to 72 months' imprisonment consisting of 48 months as to the mail fraud count and 24 months as to the aggravated identity theft count. Mr. Nosakhare appeals.

## II

We apply a deferential abuse of discretion standard when we review the substantive reasonableness of a sentence. *See Gall v. United States*, 552 U.S. 38, 56 (2007). A sentencing court is required to consider all of the 18 U.S.C. § 3553(a) factors. *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). And it may abuse its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*,

612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). But the mere fact that we would have imposed a different sentence is insufficient to justify reversal. *See Gall*, 552 U.S. at 51. Indeed, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (citation and internal quotation marks omitted).

### III

Mr. Nosakhare argues that his sentence was substantively unreasonable for two reasons. First, as Mr. Nosakhare sees it, the district court failed to consider § 3553(a)(6), which was due significant weight to avoid sentencing disparities. Second, Mr. Nosakhare argues that the court failed to properly balance the § 3553(a) factors by not giving any weight to the fact that he had no prior convictions or arrest and he was charged with a non-violent offense. We disagree.

On his first point, Mr. Nosakhare principally relies on the JSIN data in arguing that the district court failed to properly consider sentencing disparities in imposing a sentence of 48 months on the mail fraud count as opposed to 33 or 36 months. As the court noted at sentencing, and as we've noted in other cases, the JSIN data is not always helpful because it lumps together defendants who are not all alike and may have distinguishing characteristics. *See United States v. Htun*, No. 24-13704, 2025 WL 2754744, at *2 (11th Cir. Sept. 29, 2025) ("Htun's reference to the JSIN data is not

helpful in his case, since that data lumps together defendants with and without mandatory minimum sentences, and Htun had a mandatory minimum sentence of 60 months' imprisonment."). *Accord United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) ("As for [the] argument that there was an unwarranted disparity between [the defendant's] sentence and others who have been convicted of similar . . . crimes elsewhere in the nation, that would be difficult to gauge. And we are not convinced that a sentence imposed in this circuit is subject to a national grade curve."). Though the average or median sentence for others sentenced to the same offense as Mr. Nosakhare may have been 33 or 36 months, the JSIN data does not take into consideration other factors that were relevant to his sentence. Evaluation of those factors is left to the district court's "considerable discretion." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). And it is Mr. Nosakhare's burden to demonstrate that this discretion was abused. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). He has not met that burden here.

The second point fares no better. The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgment that it has considered the factors will suffice. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Similarly, a court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Butler*, 39 F.4th at 1356 (citation modified). The court here considered the § 3553(a) factors. *See* D.E. 71 at 36 ("There is, however, a mandatory 24-month consecutive sentence based on the aggravated identity theft count. Considering those Guidelines and the [§]

3553 factors, this is a serious crime."). And the court also made clear that it considered "the statements of all parties." *Id.* This may not have been an explicit acknowledgment of the mitigating evidence presented by Mr. Nosakhare's counsel, but it is enough to satisfy us that the court committed no "clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007).

Moreover, Mr. Nosakhare's sentence was within his guidelines (a 48-month sentence with an applicable guidelines range of 41 to 51 months) and well short of the statutory maximum (a 72-month total sentence with a statutory maximum of 264 months). These are two signals that the sentence imposed by the district court was reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

## IV

The district court's sentence is affirmed.

**AFFIRMED.**